VILLAGE OF BENSON v. ST. PAUL, MINNEAPOLIS AND MANITOBA RAILWAY COMPANY and Another.[1]

Oct. 10, 1895.

Nos. 9466—(66).

**Street—Common-Law Dedication—Complaint.**
> *Held,* the complaint does not allege a common-law dedication of a public street at the point in question, and defendants' objection to the complaint should have been sustained.

**Same—Sufficiency of Evidence.**
> The evidence *held* sufficient to sustain a finding that such dedication was in fact made.

[1] Reported in 64 N. W. 393.

Appeal by defendant railway companies from an order of the district court for Swift county, Powers, J., denying a motion for a new trial. Reversed.

*S. L. Campbell*, for appellants.

*F. M. Thornton* and *T. F. Young*, for respondent.

CANTY, J.   This is an action brought to compel the removal of obstructions across an alleged street across the right of way and tracks of defendants' railroad in the village of Benson.   The trial was had before the court without a jury.   The court made its findings of fact, and ordered judgment for plaintiff, and from an order denying their motion for a new trial defendants appeal.

At the opening of the trial, plaintiff stated that it intended to prove a common-law dedication by the railway companies of the strip of land in question across the right of way.   Thereupon defendants objected "to any evidence, under the complaint, tending to show a common-law dedication, on the ground that a common-law dedication is not pleaded.   Objection overruled, and defendant excepts."   This is assigned as error.   In our opinion, the exception is well taken.

The complaint alleges that defendants are the successors of the St. Paul & Pacific Railroad Company, Second Division; that this company was the owner of the land included in the town site of the village of Benson, and, by its officers, duly platted the same, and filed the plat in the office of the register of deeds in the proper county; that this plat and the village are located on both sides of the right of way, "a portion of said village being north of said right of way, and a portion south thereof"; that one of the streets dedicated to public use upon said plat is Twelfth street,—a street 70 feet wide; "that to communicate with the north and the south sides of said village, as laid out and platted as aforesaid, it is necessary to cross over and upon the right of way of said railroad company, which said right of way is a strip of land 250 feet wide, running east and west through said village, and extending 150 feet on the northerly side of the main track, and 100 feet on the southerly side of the main track of said railroad, in said village of Benson; that upon and after the platting of said village and the dedi-

cating of said streets to the public, said Twelfth street was opened and traveled as a public street over and across the said right of way of the said railway companies, and was planked, graded and worked, and traveled across the track of said company, to the full width thereof, for more than fifteen years thereafter, and up to the unlawful obstruction thereof as hereinafter set forth." This is all of the complaint that it is necessary to consider.

On the trial the court found that the St. Paul & Pacific Railroad Company intended to, and did, dedicate said strip across said right of way to public use, as a public street, and said defendants acquiesced in, ratified, and continued such dedication, and such dedication was accepted by the public, and further finds: "But said crossings and said strip of land across the right of way on the line of Twelfth street, although used and repaired as aforesaid, were not used, kept in repair, and worked for six years continuously as a public highway, so as to make the same a public highway, as provided by section 47, c. 13, G. S. 1878 (G. S. 1894, § 1832)." The complaint states no facts which can be held to amount to an allegation that any of these railroad companies ever dedicated to the public this strip across the right of way. The complaint alleges that Twelfth street, across this right of way, "was opened," "was planked, graded, and worked" for more than fifteen years, but it does not state by whom, or that it was ever opened, planked, graded, or worked by any of these railroad companies, or that they, or any of them, ever dedicated it to the public use as a street. And, while the facts pleaded are evidence of such a dedication, they are not conclusive evidence. If they were, the complaint would, perhaps, be sufficient, as against an objection made for the first time on the trial. But on the very evidence pleaded the court might, or might not, have found an intent to dedicate and a dedication of this strip by the railroad company owning the same. If the complaint alleges the establishment in any manner of this street across the right of way, it is only by alleging the use, working, and repair of it, as a public highway, for more than six years, so as to bring it within the provisions of said section 47, c. 13, G. S. 1878 (G. S. 1894, § 1832). But the court has expressly found against plaintiff on that point, and the complaint does not allege the establishment of the

street in any other manner.   There is a wide difference between acquiring a street by common-law dedication and acquiring it under this statute.   In order to establish a street by common-law dedication, it takes two to make the bargain,—the owner of the land, to dedicate or give; and the public, to accept.   The owner's intent is a vital, and usually the most vital, question in the case, while, under the statute, his intent is of little importance.   Again, a common-law dedication may be made in six hours, six days, or six months, while to acquire the statutory right requires six years.   One is a voluntary grant and acceptance in pais, while the other is merely a species of statutory limitation.   It is true that the same evidence is often competent to prove both, and the pleader should usually be allowed to plead and prove both, if he can.   But he has no right to plead one, and, when he fails on that one, to prove the other, and obtain a finding in his favor on that other, which he has in no manner pleaded.   For this reason the order appealed from must be reversed.

It is further contended by appellants that the evidence is not sufficient to establish the existence of this street by common-law dedication.   We cannot agree with appellants, but are of the opinion that the evidence is sufficient, if such dedication had been pleaded. Many facts were proved from which the intent to dedicate on the part of the Pacific Company and of its successor under the mortgage foreclosure sale, the Manitoba Company, might be inferred; and many facts are proved from which the intent to accept, and the acceptance, on the part of the public, might be inferred.   It is true that there is evidence tending to prove that between 1870 and 1886, during the time it is claimed that the strip in question was being used as a public street, the railroad companies frequently obstructed the passage over this strip by leaving their cars and stopping their trains on their tracks across the strip.   But the effect of this evidence was wholly for the trial court.   Even if the strip in question had been duly dedicated as a public street, the railroad company would still retain the joint use of it with the public; and we cannot say, as a question of law, that this evidence has any conclusive effect, or conclusively rebuts the intention to dedicate the strip as a street.   The fact that in 1886 the railway company permanently obstructed this strip by causing a warehouse to be built

across the same, along its track, and has since prevented the public from passing over the strip, does not revoke or annul any right acquired by the public prior to that time.

This disposes of the case, and the order denying defendants' motion for a new trial is reversed, and a new trial granted.